HATCHER & BALDWIN *vs.* MASSEY, trustee, *et al.*

Where the complainants' debt was not charged to the trust estate in the first instance, but against the trustee as an individual, and no adjudication had been had that the trust estate was liable, and the evidence was very conflicting as to such liability, the appointment of a receiver *ad interim,* on account of the trustee's insolvency, was properly refused.

Injunction and receiver.   Trusts.   Before Judge CRISP.  Macon County.   At Chambers, July 7, 1880.

Reported in the decision.

HALL & SON; J. A. EDWARDS, for plaintiffs in error.

W. A. HAWKINS; W. H. REESE, for defendants.

JACKSON, Chief Justice.

This was an application for the appointment of a receiver, on a bill filed by Hatcher & Baldwin, against Massey and wife.   There was direct conflict between the bill and answer and affidavits on the question whether the trust estate was justly chargeable with the bill of goods sold by complainants to Massey.   He swore positively that the credit was extended to him individually, and he is supported by the wife to the extent of her knowledge.   The act of putting an estate in the hands of a receiver is the exercise of a very high and harsh jurisdiction of chancery, and should be rarely resorted to—never on a doubtful case—and where the goods were charged individually, and the subjection of the trust-property appears to have been an after-thought; and where the entire reason for the application rests on the allegation of insolvency in the trustee.   That would be a valid ground to be seriously considered, if the trust indebtedness had been established, or if there were prepon-

derating evidence of its liability; but in this case the record discloses neither the one fact nor the other, and the chancellor was right to refuse the order prayed for.

Judgment affirmed.